UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMBER D. JENKINS,<br><br>    Plaintiff,<br><br> v.<br><br>SALLY JEWELL, Secretary of the U.S. Department of Interior, in her official capacity,<br><br>    Defendant. | Case No. 1:12-CV-00315-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

  Pending before the Court in the above-entitled matter is the Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1). The time for filing responsive briefing has passed and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately represented in the briefs and record. Accordingly, and in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM DECISION AND ORDER - 1**

# FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Amber D. Jenkins filed the Complaint in this matter against the Secretary of the Department of the Interior, arguing she was unlawfully discriminated against because she was not hired back following her pregnancy. (Dkt. 1, 7.) The claim appears to raise a cause of action asserting a violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act (42 U.S.C. § 2000e(k)). (Dkt. 2, 7.) The Defendant has filed the instant Motion to Dismiss arguing jurisdiction is lacking in this case because the United States has not waived sovereign immunity. (Dkt. 13.) The Plaintiff has not filed any response to the Motion and the time for doing so has expired.

# STANDARD OF LAW

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377–78 (1994). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

The attack may be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988) (When considering a "facial" attack

made pursuant to Rule 12(b)(1), courts consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.).

By contrast, in a factual attack, the challenger provides evidence that an alleged fact is false resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. A "factual" attack challenges "the existence of subject matter jurisdiction in fact." *Thornhill*, 594 at 733. The Defendant in this case has raised a factual attack to subject matter jurisdiction. (Dkt. 13.)

In these circumstances, the allegations are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill*, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for

**MEMORANDUM DECISION AND ORDER - 3**

itself the merits of jurisdictional claims ." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Jurisdictional dismissal is "exceptional" and warranted only "'where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous.'" *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1948)). However, "[t]he relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction...where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine*, 704 F.2d at 1077). In such a case, "the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077 (citing *Thornhill*, 594 F.2d at 733-35).

## DISCUSSION

In June of 2006, Plaintiff began working as a contract employee at the National Interagency Fire Center's Casual Payment Center (CPC), an Interior Department Agency of the Bureau of Land Management (BLM). Plaintiff alleges she was told that she would be hired and promoted but her training and promised promotion were delayed after she returned from maternity leave. Plaintiff makes various allegations concerning statements made by Kristy Valentine, including that it would be difficult for Plaintiff to go through

**MEMORANDUM DECISION AND ORDER - 4**

training "with an infant in the office." Plaintiff further contends that she had favorable performance appraisals prior to her pregnancy but after she informed Ms. Valentine that she was pregnant and would be taking maternity leave she was not rehired for her position. Plaintiff claims, among other things, that her employment was cancelled and she was not rehired for her position because of her new pregnancy and not, as her employer told her, due to staffing needs and budgetary constraints.

The materials submitted with her Amended Complaint show that Plaintiff filed a discrimination claim against CPC which was dismissed. (Dkt. 7-1.) Plaintiff then filed a formal complaint with the BLM which was also dismissed for lack of standing finding Plaintiff was not a federal employee but, instead, an employee of ATA Services, Inc. (ATA) - a private sector, non-governmental organization. (Dkt. 7-1.) Thereafter, Plaintiff initiated this action.

1.  **Subject Matter Jurisdiction**

Defendant's Motion to Dismiss asserts that because the United States has not waived its sovereign immunity as to suits by non-employees, the Plaintiff's claim against the Interior Department must be dismissed. (Dkt. 13.) The Plaintiff has not responded to the Motion and the time for doing so has passed.[1] The Court has considered the merits of the Motion and finds as follows.

---

[1] Local Civil Rule 7.1(e) states that the failure to timely file any response documents required by the rule in a timely manner may be "deemed to constitute a consent to ... the granting of said motion...."

**MEMORANDUM DECISION AND ORDER - 5**

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Section 717 of Title VII protects federal employees and provides an express waiver of sovereign immunity in suits against the government for discriminatory employment practices." *Munoz v. Mabus*, 630 F.3d 856, 861 (9th Cir. 2010) (citing 42 U.S.C. §§ 2000e–5(f), 2000e–16). This waiver is limited, however, to actions for damages brought by federal employees. *See Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003); 42 U.S.C. § 2000e-16(c).

The Ninth Circuit has recognized two testes used to determine whether an individual was a federal employee: the common law hybrid test and the joint employment test. *See Lopez*, 333 F.3d at 962. The common law hybrid test places the greatest emphasis on whether the government had "the right to control and direct the work of the plaintiff, not only as to the result to be achieved, but also as to the details by which that result is achieved." *See id*. at 963. Primary factors to be considered under this test include: whether the government is involved in the plaintiff's training, whether the government supervises the plaintiff's work performance, whether the plaintiff is performing an integral part of the government's business, whether the decision to terminate the plaintiff was solely within the power of the contracting employer, and whether the government paid the plaintiff's wages and social security taxes and provided vacation time. Secondary factors include whether the plaintiff worked on government premises, whether the plaintiff used governmental equipment, and whether the government is involved in the means and manner of the plaintiff's work.

**MEMORANDUM DECISION AND ORDER - 6**

The joint employment test asks "whether 'one employer [,] while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer.'" *Id.* at 963 (discussing *Redd v. Summers*, 232 F.3d 933, 938 (D.C. Cir. 2000).

Under either test, the critical question is which entity maintained control over the Plaintiff in her employment. In this case, the Court finds that ATA retained primary control over Plaintiff's employment and, therefore, Plaintiff was not a federal employee.

In her Amended Complaint Plaintiff concedes that she was a contract employee of ATA at the time period in question, ATA had contracted with BLM to provide staffing for CPC, all contract employees were employees of ATA, under the contract ATA retained supervisory authority over the contract employees, and ATA sent Plaintiff the notification that she was not offered a position. (Dkt. 7.)

In support of its Motion to Dismiss, the Defendant has supplied the Affidavit of Ms. Valentine. (Dkt. 13-2.)[2] Ms. Valentine is an employee of BLM as the Manager of CPC and the Project Inspector for the contract between the BLM and ATA.[2] Her

---

[2] Under Rule 12(b)(1), a motion to dismiss may attack "the substance of the complaint's jurisdictional allegations." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 980 (9th Cir. 2007) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)). "Under such circumstances, the court may expand its review and 'rely on affidavits or any other evidence properly before the court.'" *Id.* (citations and quotations omitted).

[2] Plaintiff's Amended Complaint states that she reported directly to Ms. Valentine, a BLM employee, until sometime in 2008 when ATA was awarded the contract to provide staffing at CPC and, thereafter, Plaintiff no longer was supervised by Ms. Valentine. (Dkt. 7.) Plaintiff further alleges that her August 24, 2010 performance appraisal was signed by Ms. Valentine. (Dkt. 7.) A review of the

**MEMORANDUM DECISION AND ORDER - 7**

Affidavit confirms that ATA had contracted with the BLM to provide staffing services at the CPC during the relevant time. Under this arrangement, ATA stationed an on-site supervisor at the CPC to oversee the work of the contract employees, finalize performance appraisals, provide ratings, and write individual comments on the employees' evaluations. (Dkt. 7-1, 13-2.) Contract employees contacted the ATA supervisor if they were unable to work a scheduled shift. Further, BLM did not have the authority to terminate the employment of ATA employees. (Dkt. 13-2.)

Attached to Ms. Valentine's Affidavit is a portion of the contract between ATA and the BLM. (Dkt. 13-2, Ex. 1.) Under the contract, the contract employees like the Plaintiff were required to clearly indicating that they were a contractor employee in all correspondence and by wearing identification and affixing name plates to there offices. (Dkt. 13-2, Ex. 1.) Further, the contract provides that contract employees were not to attend Government employee meetings, unless notified, and Government employees were not to participate in contractor employment interviews, unless specifically approved. (Dkt. 13-2, Ex. 1.) Notably, the contract states:

> Supervision shall be the responsibility of the Contractor. Any Contract employee problems in performance, attendance, or other personal problems shall be referred to the On-Site Supervisor to be referred on to the Contractor.

---

performance appraisal attached to the Amended Complaint, however, does not have any signatures on it. (Dkt. 7.) The appraisal lists Ms. Valentine as the CPC center manager but also lists the ATA lead. Plaintiff has not responded to the Motion or supplied any other information or supporting materials to rebut the Defendant's evidence that at the time period in question the Plaintiff was not supervised by anyone at BLM. The Court finds that the evidence in the record establishes that supervision of the Plaintiff was done by ATA.

**MEMORANDUM DECISION AND ORDER - 8**

(Dkt. 13-2, Ex. 1 at B.14(a).) Again, the On-Site Supervisor was provided by ATA, not the Government Agency. Further, contract employees' time records were maintained by ATA. Although the Government was obligated to provide the necessary office space and equipment needed for the contract employees to perform their work, ATA was liable for all loss or damage to any such space or equipment. (Dkt. 13-2, Ex. 1 at B.21.)

Based on the foregoing, the Court finds that Plaintiff was a contract employee of ATA and not an employee of the federal government. The contract between BLM and ATA for staffing services at CPC evidences that the control over the work of the contract employees such as Plaintiff was retained by ATA. Ms. Valentine's Affidavit further shows that ATA was responsible for controlling, supervising, and managing the Plaintiff. Furthermore, ATA retained the authority to complete performance reviews and terminate a contract employee. In this case, it was ATA who tendered the letter to the Plaintiff notifying her that she would not be offered a position. (Dkt. 7-1.) The Department of Interior Office of Civil Rights findings further shows that the control over Plaintiff's employment as a contract employee of ATA was retained by ATA. (Dkt. 7-1.)

The Court does note that under the contract the Government reserved the right to refuse any contractor employees recommended or referred by the Contractor and had the ability to require the contractor to immediately remove an individual who did not conform to the contract requirements or jeopardize successful performance of the contract. (Dkt. 13-2, Ex. 1 at B.14(d), B.15.) These retained rights by the Government do not change the fact that ATA retained primary control over the Plaintiff as its employee. The Court

**MEMORANDUM DECISION AND ORDER - 9**

concludes that neither the BLM nor CPC were a joint-employer with ATA and, therefore, they are not subject to liability under Title VII. *See, e.g., Lopez*, 333 F.3d at 962-63 (citing *Redd*, 232 F.3d at 936-38). Thus, the United States did not waive sovereign immunity and the Motion to Dismiss is granted.

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Where, "however, the bar of sovereign immunity is absolute: no other court has the power to hear the case, nor can the [plaintiffs] redraft their claims to avoid the exceptions to the [statute]," the action may be dismissed with prejudice. *Id.* That is the case here.

The claims raised in this case shall be dismissed with prejudice because there is no subject matter jurisdiction over these claims in any federal court due to sovereign immunity. *Frigard*, 862 F.2d at 204 (Where the jurisdictional bar is absolute, dismissal with prejudice is appropriate.). Thus, amending the claims would be futile and dismissal with prejudice is proper.

**2.      Leave to Amend**

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave should freely be given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not

sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted).

Under the circumstances here, justice does not require granting leave to amend. Any amendment would be futile as there is no waiver of sovereign immunity. *See Shermoen v. United States*, 982 F.2d 1312, 1319-20 (9th Cir. 1992); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998). Further, the Plaintiff was afforded an opportunity to amend her Complaint which she took advantage of by filing supplemental materials. (Dkt. 7-1.)

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (Dkt. 13) is **GRANTED** and this case is **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

DATED: **February 20, 2014**

Honorable Edward J. Lodge
U. S. District Judge